[Cite as *Kelly v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7046.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL KELLY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2009-06338

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶1} On October 7, 2011, the magistrate issued a decision recommending judgment for plaintiff in an amount to be determined in a subsequent proceeding.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Defendant timely filed objections.

{¶3} Plaintiff was injured in a fight with another inmate by the name of Carlos Castro. Plaintiff testified that he had fought with Castro once before and that when Castro later moved into the cell next to his, plaintiff told his unit sergeant about the prior fight and asked to be moved out of the block. According to plaintiff, Sergeant Lininger told plaintiff he "wasn't going anywhere." (Decision at p. 3.) One or two weeks later, Castro attacked plaintiff as he slept and stabbed him with a roofing nail.

{¶4} Following a bench trial, the magistrate concluded: "[T]he court finds that the conversation between plaintiff and Sergeant Lininger shortly before the attack, coupled with the prior violent encounter between plaintiff and Castro, constitutes sufficient notice

to defendant of an impending attack. The court further finds that defendant breached its duty of care to plaintiff inasmuch as no attempt was made to ensure plaintiff's safety." (Decision at p. 4.)

{¶5} In defendant's first objection, defendant contends that the magistrate erred in relying upon plaintiff's testimony regarding the substance of his conversation with Lininger. Defendant contends that due to certain inaccuracies and inconsistencies in plaintiff's testimony regarding other issues, the magistrate was required to disbelieve all of plaintiff's testimony. The court disagrees.

{¶6} The trier of fact may believe or disbelieve all or any part of a witness's testimony and it is within the province of the trier of fact to determine what testimony is worthy of belief and what is not. See, e.g., *State v. Group,* 98 Ohio St.3d 248, 2002-Ohio-7247, ¶120; *Warren v. Simpson* (Mar. 17, 2000), Trumbull App. No. 98-T-0183.

{¶7} Upon review of plaintiff's entire testimony, the court does not perceive any error on the part of the magistrate with respect to his assessment of plaintiff's credibility as it pertains to his conversation with Lininger. Lininger was not called as a witness in this case. Accordingly, defendant's objection is without merit.

{¶8} Defendant next takes exception to the magistrate's understanding of Kimberly Frederick's testimony. Frederick is the institutional inspector who investigated plaintiff's written complaint about the incident. The magistrate stated: "Frederick concluded that there was no separation order for plaintiff and Castro but that Lininger did not do an adequate job of informing plaintiff of his options *if he was concerned about another inmate*. She further stated that *if plaintiff informed Lininger that he felt his life was in danger* then he should have been placed in segregation or protective custody immediately pending an investigation, but that she does not believe that plaintiff so informed Lininger." (Decision at p. 4.) (Emphasis added.)

{¶9} Based upon the court's review of the transcript, the magistrate did not misrepresent Frederick's testimony.

**{¶10}** The merit of defendant's remaining objections depends upon a determination by this court that the magistrate erred with respect to plaintiff's credibility. Accordingly, for the reason stated above, defendant's remaining objections are without merit.

**{¶11}** In conclusion, upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.

**{¶12}** Judgment is rendered for plaintiff in an amount to be determined at a proceeding on the issue of damages.

_____
JOSEPH T. CLARK
Judge

cc:

Christopher P. Conomy                   Rosel C. Hurley III
James P. Dinsmore                       12925 Shaker Boulevard
Assistant Attorneys General             Cleveland, Ohio 44120
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

LP/dms
Filed December 19, 2011
To S.C. reporter March 20, 2012